UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAIRO ROMEO CORTEZ BOLANOS,<br><br>Petitioner,<br><br>v.<br><br>CHARLES GREEN, et al.,<br><br>Respondents. | Civil Action No. 16-4666 (MCA)<br><br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Petitioner Jairo Romeo Cortez Bolanos's filing of a Petition for Writ of Habeas Corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241. (ECF No. 1). For the reasons explained in this Memorandum Opinion, the Petition is denied without prejudice, as Petitioner has already received a bond hearing before an Immigration Judge, and he has not provided sufficient facts to suggest that he received anything less than a *bona fide* hearing.

Petitioner, who is detained at Essex County Correctional Facility, submitted his Petition for filing on July 27, 2016; in that Petition, Petitioner states that he has been detained by the Department of Homeland Security ("DHS") since December 8, 2015. (ECF No. 1, Pet. at 3, 15.) Petitioner also states that he was afforded a bond hearing by an Immigration Judge ("IJ") in March 2016, but the immigration judge denied bond. (*Id.* at 5.) He further contends that he is not a flight risk because he has "extensive family ties" in the United States, has found

1

employment, and has voluntary ties to the community and church. (*Id.* at 7.) He further contends that he is not a danger to the community, citing to family and friends who can vouch for him. (*Id.* at 7.) At the end of his Petition, Petitioner states that "[DHS's] refusal to provide a bond hearing before a neutral judge and its utter refusal to establish a bond amount" violates the Constitution. (*Id.* at 13.)

On August 24, 2016, the Court ordered Respondent to file an Answer to the Petition; the Order also permitted Petitioner to file a reply to Respondent's Answer. (ECF No. 2.) On October 11, 2016, Respondent filed the Answer to the Petition. (ECF No. 4.) Petitioner has not filed a reply to Respondent's Answer.

The Answer filed by Petitioner establishes the following relevant facts. On December 30, 2015, Immigration and Customs Enforcement ("ICE") served Petitioner with a Notice to Appear charging that he was removable pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), because he was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the INA. (*See* ECF No. 4, Exhibit A – Notice to Appear dated Dec. 30, 2015, at 1.)[1] Petitioner was taken into ICE/DHS custody on January 5, 2016. (*See* Exhibit B – Notice to EOIR: Alien Address.) On January 8, 2016, ICE issued a Notice of Custody Determination, citing to 8 C.F.R. § 236, which determined that Petitioner was to remain detained by DHS. (*See* Exhibit C – Notice of Custody Determination dated Jan. 8, 2016.) Petitioner sought a bond hearing by an Immigration Judge to review the initial custody determination. (*Id.*) Respondent has attached a May 10, 2016 Order from an Immigration Judge, denying Petitioner's request for a change in custody and listing "Danger to community" as the basis for the denial of bond. (*See* Exhibit C – Order of the

---

[1] All Exhibits are to Respondent's Answer.

Immigration Judge with Respect to Custody dated May 10, 2016.) Petitioner apparently reserved his right to appeal the Order (*see id.*), but neither Petitioner nor Respondent has attached any additional documentation regarding any appeal of the IJ's bond determination.

At the time he filed his Petition, Petitioner was not subject to a final order of removal. "The Attorney General has the authority to detain aliens during the 'pre-removal' period, that is, while removal proceedings are ongoing but before the issuance of a final order of removal." *Melgar-Melgar v. Green*, No. CV 16-1449 (KM), 2016 WL 3457004, at *1 (D.N.J. June 22, 2016). Section 1226(a) authorizes the arrest, detention, and release of aliens on bond pending a decision on whether the alien is to be removed from the United States, except as provided in § 1226(c). *See* 8 U.S.C. § 1226(a). Section 1226(c), an exception to § 1226(a), mandates detention of specified criminal aliens during removal proceedings, provided detention does not continue for a prolonged period of time. *See* 8 U.S.C. § 1226(c); *Diop v. ICE/Homeland Sec.*, 656 F.3d at 232 ("At a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community"); *see also Nepomuceno v. Holder*, No. CIV. 11-6825 WJM, 2012 WL 715266, at *4 (D.N.J. Mar. 5, 2012) (explaining same). A Petitioner detained pursuant to § 1226(a) is entitled to have the initial custody determination reviewed by an Immigration Judge. *See* 8 C.F.R. § 1003.19(a) ("Custody and bond determinations made by the service pursuant to 8 CFR part 1236 may be reviewed by an Immigration Judge pursuant to 8 CFR part 1236(b)[.]") A Petitioner held pursuant to § 1226(a) may also seek bond redetermination based upon changed circumstances. *See* 8 C.F.R. § 1003.19(e). Finally, "[t]he determination of an Immigration Judge with respect to custody status

3

or bond redetermination shall be entered on the appropriate form at the time such decision is made and the parties shall be informed orally or in writing of the reasons for the decision. An appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to § 1003.38." *See* 8 C.F.R. § 1003.19(f).

Here, Petitioner is held under the discretionary detention provision of 8 U.S.C. § 1226(a), in which he is entitled to a bond hearing before an IJ, *see* 8 C.F.R. § 1003.19(c), and not 8 U.S.C. § 1226(c), which requires a bond hearing only in cases of unreasonably prolonged detention. *See Garcia v. Green*, No. 16-0565(KM), 2016 WL 1718102 (D.N.J. April 29, 2016). It appears from the submissions of the parties that (1) Petitioner received at least one bond hearing before an IJ, and (2) the IJ denied bond based on a finding that Petitioner is a danger to the community. In his Petition for relief, Petitioner acknowledges in his Petition that he received a bond hearing before an IJ and appears to disagree with the outcome of the hearing; however, he does not provide sufficient facts in the Petition to suggest that he was afforded anything less than a *bona fide* hearing, stating only in passing that DHS has refused to provide him with a bond hearing before a "neutral judge". (ECF No. 1, Pet. at 13.) Petitioner provides no other facts to substantiate this conclusory allegation, and has not provided any facts to suggest that the bond hearing he received failed to comport with due process. He has also failed to submit a reply to Respondent's Answer, in which he could have clarified his claims for relief.

The Court does not have the power to second guess the discretionary decision of the IJ to deny Petitioner's release on bond. *See Pena v. Davies*, No. 15-7291 (KM), 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016) (citing 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the

4

detention or release of any alien, or the grant, revocation, or denial of bond or parole")); *see also Williams v. Aviles*, No. CV 14-6463 (ES), 2016 WL 3014402, at *3 (D.N.J. May 25, 2016) (The present petition might be liberally construed as containing a claim that the IJ erred in either finding Petitioner to be a flight risk or finding him to be a danger to the community. The Court, however, in keeping with other courts in this District, does not have jurisdiction over discretionary agency decisions.); *Reeves v. Johnson*, No. 15-1962 (SRC), 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004) (Greenaway, J.)); *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) ("If [the detainee] requests, but is wrongfully denied, a bond hearing, he may ask this Court to order that such a hearing be held. After a *bona fide* bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a *bona fide* hearing.") (footnote omitted). Here, the Petition is subject to dismissal without prejudice because Petitioner has received the only relief this Court can provide to him – a bond hearing before an immigration judge – and Petitioner has not alleged sufficient facts to suggest that he received anything less than a *bona fide* hearing.[2]

For the reasons explained in this Memorandum Opinion, the Petition is dismissed. An appropriate Order follows.

---

[2] To the extent Petitioner seeks to bring a claim that he has been denied a *bona fide* bond hearing, he is free to file a <u>new</u> Petition for habeas corpus raising that claim after he exhausts all available administrative remedies, including appealing the denial of bond to the BIA. *See* 8 C.F.R. § 1003.19(f).

_____
Madeline Cox Arleo, District Judge
United States District Court